FREDERICK G. McFADDEN, Respondent, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

Second Department, November 19, 1926.

Master and servant — action by employee of railroad to recover for injuries suffered when block of stone shifted its position on flat car and injured plaintiff — plaintiff's sole duties were to set brakes on car as it proceeded down incline from loading point — plaintiff did not assume risk which caused injury.

The plaintiff, an employee of the defendant railroad, who is seeking to recover damages for injuries suffered when a block of stone on a flat car shifted down on plaintiff's foot while he was engaged in setting the brakes on the car, did not assume the particular risk, since it appears that the plaintiff took no part in loading the car and did not see it until he had boarded it for the purpose of applying the brakes as it proceeded down an incline.

APPEAL by the defendant, The New York, New Haven and Hartford Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 31st day of March, 1926, upon the verdict of a jury for $3,500, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*E. R. Brumley* [*John M. Gibbons* with him on the brief], for the appellant.

*John Ambrose Goodwin* [*Thomas J. O'Neill* with him on the brief], for the respondent.

PER CURIAM. The sole question presented by the appellant on this appeal is the claim that on the evidence the plaintiff as matter of law assumed the risk of the improper loading of the blocks of stone on the flat car so that they were insecure and shifted down on plaintiff's foot while he was engaged in braking the car. The learned trial justice submitted the question of assumption of risk to the jury. Considering the nature of the work in which plaintiff was engaged, the necessary rapidity with which these cars were moved over this " hump " and the connecting tracks, the operations being constant day and night; the fact that plaintiff had nothing to do with the loading of the car and did not see it until he boarded it for the purpose of applying the brakes as it went down the incline by gravity, the question of assumption of risk was for the jury, and the evidence justified their verdict that plaintiff did not assume the risk.

The judgment and order should be affirmed, with costs.

Present — KELLY, P. J., JAYCOX, YOUNG, KAPPER and LAZANSKY, JJ.

Judgment and order unanimously affirmed, with costs.